US DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 0 1 2013

TONY R. MOORE, CLERK
BY _____
      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Roy Allen John, Jr                                     Civil Action No. 10-01755

versus                                                 Judge Richard T. Haik, Sr.

Police Dept. City of Ville Platte, et al               Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is an unopposed Motion for Summary Judgment filed by defendants Police Department City of Ville Platte and Joseph Fontenot.[1] [Rec. Doc. 45]. For the following reasons, the defendants' motion will be granted.

### I. Background

Plaintiff, Roy Allen John, Jr., filed a Complaint, *pro se*, against defendants Police Department City of Ville Platte and Joseph Fontenot on November 15, 2010 while he was confined at the Pine Prairie Correctional Center.[2] *R. 1.* Plaintiff alleges that on an unspecified date, his wife, Mrs. Kimberly John, who is not a party to this lawsuit, made a call to the Ville Platte Police Department reporting that someone had broken into her home and stolen items including her children's video games. *Id.* Plaintiff further alleges that Detective

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was January 15, 2013.

[2] The record indicates that plaintiff last address of record (April 9, 2012) is at the Caddo Correctional center. *R. 29.* Mail to that address, however, has been consistently returned as undeliverable since October, 2012. *R. 35, 42, 43, 44.* Local Rule LR 11.1 requires that each attorney and *pro se* litigant has a continuing obligation to apprise the Court of any address change.

Joseph Fontenot "refused to follow up on the Complaint" but instead "he lifted up two plasma television sets and told Mr. John that the property looks like it has been stolen and then he illegally seized them." *Id.* Plaintiff alleges "it has been several months since this incident" and neither plaintiff nor his wife have received a notice of seizure. *Id.* Plaintiff claims that his wife has made "plenty of" unsuccessful attempts to speak with Detective Fontenot but he "threatened her" and told her to leave him alone or he would charge her with possession of stolen goods because she had misplaced her receipt. *Id.* Plaintiff further contends that his wife spoke with the Chief of Police who said he did not have anything to do with the matter. *Id.* Plaintiff alleges defendants are in violations of L.R.S. 14:67, for "harassment and criminal theft" of the two plasma television sets and that he was deprived of his Constitutional rights in that he was deprived of his property in violation of his due process rights. *R. 1.* Because plaintiff's allegations could be construed as a deprivation of his property in violation of his due process rights, the Court will consider his Complaint under 42 U.S.C. § 1983.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56.* If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Analysis

The fact that there is no opposition to defendants' motion does not necessarily mean defendant should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, the failure to file an opposition and statement of contested material facts requires the Court to deem defendant's Statement of Uncontested Material Facts, *R. 45-3*, admitted for purposes of this motion. *L. R. 56.2W.*

*Plaintiff's Claims Under 42 U.S.C. § 1983*

Defendants move to dismiss plaintiff's claim under 42 U.S.C. § 1983 based on the *Parratt/Hudson* doctrine which holds that "a State actor's random and unauthorized deprivation of a person's property, whether negligent or intentional, does not result in a violation of due process rights if the State provides an adequate post-deprivation remedy. *Alexander v. Ieyuob*, 62 F.3d 709, 712 (5th Cir. 1995) (citing *Hudson v. Palmer*, 468 U.S. 517, 529-37 (1984); *Parratt v. Taylor*, 451 U.S. 527, 535-45 (1981), overruled in part on

other grounds, *Daniels v. Williams*, 474 U.S. 327(1986)).

In *Rinker v. Harrison*, 2010 WL 4553501 (E.D. La., 2010), a case involving a situation similar to this case, the plaintiff was incarcerated but alleged that a police officer ransacked his home while his roommate was present. The plaintiff alleged that the police officer damaged windows, the sink and toilet and other items of property. The court noted that such allegations could potentially constitute a complaint that the plaintiff was deprived of his property in violation of his due process rights. The court held, however, that such claims were not cognizable under § 1983 because "the Fifth Circuit has clearly recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property." *Id.* (citing *Wilson v. Holt*, 158 Fed. Appx 546 (5th Cir. 2005; *Hutchinson v. Prudhomme*, 79 Fed. Appx 54, 55 (5th Cir. 2003). The court explained,

> [T]he deprivation of property alleged by Rinker in this case, whether negligent or intentional, is precisely the kind of prisoner's claim as to which the Fifth Circuit has consistently affirmed dismissals by applying the *Parratt/Hudson* doctrine.
>
> . . .
>
> Although the alleged destruction of Rinker's property in this case occurred outside the prison context, the law is the same. No cause of action lies under Section 1983 if state law provides an adequate post-deprivation remedy. *See Floyd v. City of Kenner*, 351 F. App'x 890, 899 (5th Cir.2009) (Plaintiff's claim that police officer refused to return his seized property after plaintiff was arrested, but never prosecuted, was properly dismissed because Louisiana had adequate post-deprivation procedures for plaintiff to recover his property.); *Quickie Chickie, Inc. v. Sexton*, 194 F. App'x 259, 261 (5th Cir.2006) (Plaintiff corporation's Section 1983 challenge to allegedly illegal seizure of its immovable property resulting from Sheriff's execution of writ of sequestration was properly dismissed. Plaintiff failed to show that it did not have adequate post-deprivation remedy under Louisiana law.); *Schoppa Family v.*

> *Kupersmith*, 54 F. App'x 592, 2002 WL 31730375, at *3 (5th Cir.2002) (State university professor's claim for damages based on defendants' intentional, unauthorized conversion of her private property, which was commingled with state university's property in her laboratory, was not cognizable under Section 1983 because Texas tort law provided an adequate remedy.).

*Id.* at 8-9.

Louisiana law specifically provides a remedy for the actions alleged by plaintiff in this case in the form of a claim for conversion pursuant to Louisiana Civil Code article 2315. *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756, 760 (La.,1985) (Conversion requires wrongful exercise or assumption of authority over another's goods). Thus, as plaintiff has an adequate remedy under State law, there is no basis for a claim under 42 U.S.C. § 1983, pursuant to *Parratt/Hudson* doctrine.

*Plaintiff's Wife's Claims*

Nor can plaintiff assert a § 1983 claim with respect to his wife's interaction during the incident with Detective Fontenot or the Chief of Police. It is clear from plaintiff's Complaint that he was incarcerated at the time of the incident and that he had no personal interaction with either of the defendants. "[P]ersons who claim a deprivation of constitutional rights, [are] required to prove some violation of their personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986); *see also, Golla v. City of Bossier City*, 687 F.Supp.2d 645, 654 (W.D.La.,2009) ("To the extent plaintiffs seek to pursue a claim under 42 U.S.C. § 1983 arising from the conduct of the defendants towards McDaniel [the deceased victim], plaintiffs [sister and brother-in-law of decedent] lack the standing to do so."). Thus,

plaintiff's Complaint based on his wife's personal interaction must be dismissed. *See, Rinker* at 5.

*Plaintiff's Claims Against the Ville Platte Police Department*

Under Louisiana law, police departments are not juridical entities capable of suing or being sued. La. R.S. 33:361. Louisiana courts, have consistently held that a plaintiff's suit against a police department should be dismissed because the police department is not a juridical entity. *Dugas v. City of Breaux Bridge Police Department*, 757 So.2d 741, 744 (La.App. 3 Cir. 02/02/00). As such, plaintiff's claims against the Ville Platte Police Department must be dismissed.

*Plaintiff's Claims Against the City of Ville Platte*

Even if plaintiff's claims were considered to be against the City of Ville Platte, "[i]t is well established that governmental liability under § 1983 must be premised on a government policy or custom that causes the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A policy may be a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the government's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority. *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir.2003). A custom is shown by evidence of a persistent, widespread practice of government officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents government

policy. *Id.*" *Gates v. Texas Dept. of Protective and Regulatory Services,* 537 F.3d 404, 436 (5th Cir.,2008). Here, plaintiff's Complaint does not allege any policies, procedures or customs of the City of Ville Platte that could be considered a moving force behind the alleged violation of plaintiff's constitutional rights.

## *IV. Conclusion*

Based on the foregoing, the Court will grant defendants, Police Department City of Ville Platte and Joseph Fontenot's, Motion For Summary Judgment against plaintiff, Roy Allen John, Jr.

Richard T. Haik, Sr.
United States District Judge